CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/10/2018
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER JAMES MIXELL,<br><br>*Defendant.* | CASE NO. 3:17–cr–00016<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

In 2010, Christopher Mixell pled guilty to the Oregon crime of encouraging child sexual abuse. Oregon alleged Mixell knowingly possessed "a motion picture of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of himself or another," and that he knew (but disregarded) the fact that creation of the material "involved child abuse." As a factual predicate for his plea, Mixell admitted in writing that he "possessed (by computer) a photograph depicting [a] child engaged in [a] sexual act." The United States now has charged Mixell with failure to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA").

Mixell filed two motions to dismiss, one on statutory grounds and another on constitutional grounds. This opinion addresses only the statutory motion, which argues that Mixell's Oregon conviction does not meet SORNA's definition of a "sex offender," and therefore he was not required to register as such. But Mixell's Oregon conviction does fall within SORNA because it involved "conduct that by its nature is a sex offense against a minor," 34 U.S.C. § 20911(7)(I), as well as "criminal sexual conduct involving a minor," *id.* § 20911(7)(H), and the "possession, production or distribution of child pornography," *id.* § 20911(7)(G). Consequently, his argument fails and the statutory motion to dismiss has been denied.

**STANDARD OF REVIEW**

The indictment under consideration states: "That between in or about early 2017 and on or about April 24, 2017, in the Western Judicial District of Virginia and elsewhere, CHRISTOPHER JAMES MIXELL, an individual required to register under the Sex Offender Registration and Notification Act (SORNA), and having traveled in interstate commerce, did knowingly fail to register or update a registration as required by SORNA" in violation of 18 U.S.C. § 2250. (Dkt. 3).

To prevail on a motion to dismiss the indictment, a defendant must "demonstrate that the allegations therein, even if true, would not state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004). Where "there is an infirmity of law in the prosecution," the indictment must be dismissed; "a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012). Nonetheless, a "district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." *Engle*, 676 F.3d at 416 n.7 (quoting *United States v. Weaver*, 659 F.3d 353, 356 n.* (4th Cir. 2011)).

Because the parties' submissions did not address these standards but did reference facts beyond of the indictment—*e.g.*, documents regarding Mixell's state conviction, representations by the Government about the circumstances surrounding his conviction—the Court requested supplemental briefing. (Dkt. 46). Mixell responded that he "does not challenge the sufficiency of the Government's proof," and he did not contest the facts advanced by the Government regarding the Oregon conviction, which are relevant only to the statutory motion. (Dkt. 48 at 2). Mixell specifically invited the Court to consider the Government's submissions of the state

charging document, his guilty plea, and the judgment. Finding that the parties agree about the facts underpinning this motion, the Court considers the Oregon documents. *See Engle*, 676 F.3d at 416 n.7

## ANALYSIS

Mixell believes that he is not a "sex offender" subject to SORNA's registration requirement. Reduced to a sentence, the argument advanced in his moving brief is this: The Oregon conviction is not a sex offense under SORNA because, applying the categorical approach, the Oregon crime he pled to, Or. Rev. Stat. § 163.686, criminalizes more behavior (specifically, depictions of breasts, according to Oregon courts) than child pornography under federal law (which, Mixell claims, is cross-referenced by SORNA). To begin to evaluate this position, one must become familiar with SORNA's detailed text.

Federal law provides for up to a 10-year sentence for a person who travels in interstate commerce and "knowingly fails to register or update a registration" as otherwise required by SORNA. 18 U.S.C. § 2250(a). The express congressional purpose of SORNA is "to protect the public from sex offenders and offenders against children." 34 U.S.C. § 20901 (formerly 42 U.S.C. § 16901). A "sex offender" must register in every jurisdiction where he or she resides, is employed, or is a student. *Id*. § 20913.

The statutory question here rests upon a set of nested definitions. A "sex offender" is defined as an individual "convicted of a sex offense." 34 U.S.C. § 20911(1). A "sex offense," in turn, includes five definitions. *Id*. § 20911(5)(A). One of these five options is a "criminal offense[1] that is a specified offense against a minor." *Id*. § 20911(5)(A)(ii).

---

1   A criminal offense is a "State, local, tribal, foreign, or military offense . . . or any other criminal offense." 34 U.S.C. § 20911(6). No one disputes that Mixell's Oregon conviction is a

– 3 –

There's more. The phrase "specified offense against a minor" is further defined. It means an offense "against a minor that involves *any* of the following":

> **(A)** An offense (unless committed by a parent or guardian) involving kidnapping.
> **(B)** An offense (unless committed by a parent or guardian) involving false imprisonment.
> **(C)** Solicitation to engage in sexual conduct.
> **(D)** Use in a sexual performance.
> **(E)** Solicitation to practice prostitution.
> **(F)** Video voyeurism as described in section 1801 of Title 18.
> **(G)** *Possession, production, or distribution of child pornography*.
> **(H)** *Criminal sexual conduct involving a minor*, or the use of the Internet to facilitate or attempt such conduct.
> **(I)** *Any conduct that by its nature is a sex offense against a minor*.

34 U.S.C. § 20911(7) (emphasis added).

To put all this in plain English (but in a way that is by no means exhaustive), a person must register as a "sex offender" under SORNA if he or she has been convicted of a crime against a minor that involves at least one of the nine categories listed in § 20911(7).

So, turning back to Mixell, his argument—this time set out in premise form—is as follows:

> 1. A sex offense under SORNA includes a "specified offense against a minor."
>
> 2. One such specified offense is "[p]ossession, production, or distribution of child pornography" under § 20911(7)(G) ("subsection (7)(G)").
>
> 3. Subsection (7)(G), according to Mixell, incorporates the federal definition of child pornography.
>
> 4. The "federal definition of child pornography does *not* include any depiction of a minor's breasts." (Dkt. 25 at 3 (emphasis in original)).
>
> 5. But Oregon law *does* include lewd exhibitions of minor's breasts within its definition of "sexually explicit conduct," Or. Rev. Stat. § 163.665(3)(f), which is incorporated into Oregon Code § 163.686, *i.e.*, the statute to which Mixell pled.

---

"criminal offense" within the meaning of this provision.

6. The categorical approach applies.

7. So, as (4) and (5) show, Oregon Code §163.868 is categorically broader than federal child pornography.

8. Thus, Oregon Code § 163.868 does not qualify under subsection (7)(G) as an offense requiring SORNA registration.

There are multiple reasons why Mixell's argument does not prevail.

## I. Parts of § 20911(7) Besides Subsection (7)(G) Apply

The above line of reasoning in Mixell's opening brief assumes that subsection (7)(G)—the part mentioning possession of child pornography—is the only SORNA provision that might require him to register. But a "specified offense against a minor" in § 20911(7) is defined as "any" of nine possibilities. As a result, to show SORNA does not require him to register, Mixell must demonstrate that *none* of those definitions apply to his Oregon conviction. This he cannot do.

### A. SORNA's residual clause, § 20911(7)(I)

One definition of a "specified offense against a minor" is an offense that "involves . . . [a]ny *conduct* that *by its nature* is a sex offense against a minor." 34 U.S.C. § 20911(7)(I) (emphasis added). The parties call this provision the SORNA residual clause. Mixell rightly conceded in his reply brief that the Fourth Circuit has rejected the categorical approach when analyzing the SORNA residual clause. (Dkt. 38 at 3). Instead, the Fourth Circuit applies the "circumstance-specific approach." *United States v. Price*, 777 F.3d 700, 708 (4th Cir. 2015); *United States v. Vanderhorst*, 688 F. App'x 185, 187 (4th Cir. 2017) (finding *Price* foreclosed application of categorical approach to SORNA residual clause).[2] "The circumstance-specific

---

[2] The Fourth Circuit is in good company. *Privett v. Sec'y, Dep't of Homeland Sec.*, 865 F.3d 375, 382–83 (6th Cir. 2017); *United States v. Hill*, 820 F.3d 1003, 1005–06 (8th Cir. 2016);

– 5 –

approach focuses on the facts—not the elements—relating to the prior conviction," and in using it, "the reviewing court may consider reliable evidence concerning whether the prior offense involved conduct or circumstances that are required by the federal statute." *Price*, 777 F.3d at 705.

Mixell only briefly argues that his conviction for "encouraging child sexual abuse" does not involve conduct that by its nature is a sex offense against a minor, and he does so without reference to the facts of his conviction. (Dkt. 38 at 5–6). His Oregon indictment charged him with possessing a motion picture of sexually explicit conduct involving a child, he admitted in his plea agreement to possessing a photograph of a minor engaged in a sex act, and his judgment ordered him to register as a sex offender under Oregon law. The Court holds that possessing a pornographic image (or motion picture) depicting a child engaged in a sex act is definitively conduct that by its nature is a sex offense against a minor. *See United States v. Schofield*, 802 F.3d 722, 727 (5th Cir. 2015) (finding that *attempt* to transfer obscene material to minor qualified as sex offense and that "SORNA's language confirms that Congress cast a wide net to ensnare as many offenses against children as possible"); *United States v. Hill*, 820 F.3d 1003, 1006 (8th Cir. 2016) (finding masturbation in front of minor satisfied SORNA residual clause); *United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) ("In our view, . . . using the Internet to send obscene photographs to a thirteen-year-old girl clearly constitutes . . . 'conduct that by its nature is a sex offense against a minor'"). This conclusion is especially supported by "SORNA's focus on children," *Price*, 777 F.3d at 709; its declared purpose to protect the public from child sex offenders, 34 U.S.C. § 20901; and its avowedly "broad" and "expansi[ve]"

---

*United States v. Dodge*, 597 F.3d 1347, 1353–56 (11th Cir. 2010); *see United States v. Schofield*, 802 F.3d 722, 726–30 (5th Cir. 2015).

definition. *Price*, 777 F.3d at 709; 34 U.S.C. 20911(5), (7); *see Dodge*, 597 F.3d at 1355 ("Congress's stated purpose was to capture a wider range of conduct in its definition of a 'sex offense,' and specifically *all offenses* . . . of child predators." (emphasis in original)).

Mixell summarily asserts without authority that his crime was not "against" a minor. (Dkt. 38 at 6 (arguing SORNA does not apply because he "did not engage with any minors, nor did he commit any sexual act, or have any sexual contact with minors.")). That contention was capably rebuffed by the Eleventh Circuit's unanimous *en banc* decision in *Dodge*:

> [W]e reject the argument that the phrase "against a minor" requires contact with or opposition by the minor. The language of the statute imposes no such requirement. And as the Ninth Circuit noted, hardly any of the listed 'specified offense[s] against a minor' require that a person engage in a sexual act. [*United States v. Byun,* 539 F.3d 982 987 n. 8 (9th Cir. 2008)]. In our view, the word 'against' in the phrase 'against a minor' simply means the conduct as applied to the age of the victim (*i.e.*, 'against a minor' as opposed to 'against an adult'). The inquiry goes no further than determining whether the victim was a minor.

*Dodge*, 597 F.3d at 1355. "The key is conduct that contains a 'sexual component' toward a minor." *Id*. at 1355. If SORNA's residual clause is satisfied by the *mere attempt* to send graphic sexual material to a minor—which it is, *Schofield*, 802 F.3d at 727, 729—then *a fortiori* it is satisfied by possessing a picture or video of a minor *actually engaged* in sexual acts.

Reduced to its essential facts, Mixell was convicted of possessing a pornographic image of a minor. Federal courts often conclude that the minor depicted in child pornography is a victim of the possessor's crime. *See generally Paroline v. United States*, 134 S. Ct. 1710 (2014) (explaining causation standard for restitution in favor of child-victim imposed against possessor of child pornography); *e.g.*, *United States v. Church*, 701 F. Supp. 2d 814, 819–21 (W.D. Va. 2010) (reviewing at length harms visited upon minors and law explaining that possessors of child pornography create and sustain a market for it; holding that depicted minor was "victim" entitled

to restitution against end-user/possessor of child pornography); *United States v. Thompson*, No. 5:08CR53-RLV, 2011 WL 3438864, at *2–3 (W.D.N.C. Aug. 5, 2011); *United States v. Barkley*, No. 1:10-CR-143, 2011 WL 839541, at *3 (M.D. Pa. Mar. 7, 2011). Indeed, "several circuits have held that the 'primary victim' of the crime of distributing or possessing child pornography is the individual child depicted in the image." *Church*, 801 F. Supp. 2d at 822–23 (compiling cases).

Criminal conduct is typically perpetrated against someone. That someone is a victim. And that victim in Mixell's Oregon case was the minor who was photographed while engaged in sexual activity. That's sufficient to satisfy SORNA's residual clause. Perhaps anticipating this conclusion, a paragraph at the end of Mixell's reply brief contends that SORNA's residual clause is unconstitutionally vague. (Dkt. 38 at 6). But arguments made for the first time in reply are not properly before the Court. *See United States v. Alston*, 722 F.3d 603, 606 n.4 (4th Cir. 2013).[3] Additionally, other than citing generic vagueness principles, the paragraph contains no citation to authority or substantive analysis. And the Fifth Circuit has ably explained why SORNA's residual clause is not circular, ambiguous, or vague. *Schofield*, 802 F.3d at 730–31.

### B. Criminal sexual conduct involving a minor, § 20911(7)(H).

Mixell was also required to register under § 20911(7)(H), which defines a specified offense against a minor as one involving "[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct." *See Dodge*, 597 F.3d at 1356 (sending masturbation pictures to minor is "strikingly similar" to conduct requiring registration in § 20911(7)(H)). Again, possessing an image of a child engaged in a sex act surely suffices as

---

[3] After filing his reply brief mentioning the vagueness argument in passing (dkt. 38), Mixell had a later opportunity to properly raise the argument when he filed a second motion to dismiss on constitutional grounds. (Dkt. 42). He did not do so.

"criminal sexual conduct involving a minor." Mixell's actions were undoubtedly criminal and involved a minor, and the "sexual conduct" was twofold: possessing the pornography itself and the underlying sex act being perpetrated against the minor.

Mixell, though, contends that the categorical approach rather than the circumstance-specific approach should apply. The rationale of the Fourth Circuit's *Price* decision says otherwise. Although it dealt with SORNA's residual clause, *Price* looked to the "text, structure, and purpose of the relevant SORNA provisions." 777 F.3d at 708. Like the residual clause, subsection (7)(H)'s "explicit reference to the 'conduct' underlying a prior offense . . . refers to how an offense was committed—not a generic offense." *See id*. at 709. The purposes of SORNA similarly support the circumstance-specific approach. *Id.*; *see United States v. Hill*, 820 F.3d 1003, 1005–06 (8th Cir. 2016). As a result, the circumstance-specific approach, rather than the categorical one, applies, bringing within its reach Mixell's Oregon conviction.

## II. Mixell's Conviction Also Falls Under § 20911(7)(G)

Turning at last back to Mixell's original argument that his Oregon conviction was not an offense involving the "[p]ossession, production, or distribution of child pornography," 34 U.S.C. § 20911(7)(G), it too fails. As explained earlier, Mixell's position depends upon reading the federal definition of child pornography, 18 U.S.C. 2256(8), into subsection (7)(G), which then serves as a launching point to categorically compare federal child pornography to the relevant Oregon statute. (Dkt. 25 at 2–3).

But instead of importing § 2256(8) into subsection (7)(G), SORNA gives the contrary indication. It does not incorporate or cross-reference the federal definition of child pornography, even though the immediately prior subsection of SORNA, § 20911(7)(H), did just that regarding video voyeurism "as described in section 1801 of Title 18." Congress, then, knew how to import

a specific, preexisting, extrinsic definition of a crime into § 20911(7), but consciously choose not to regarding "child pornography" in subsection 7(G).  That choice makes ample sense considering that the title of § 20911(7) broadcasts that it is meant to have an expansive reach.  By declining to incorporate only the technical, federal definition of child pornography, Congress widened the class of offenders who would be required to register.[4]  And this, of course, is consistent with SORNA's avowed purpose of protecting the public from child predators.  34 U.S.C. § 20901.

Additionally, *Price*'s logic once again leads to the conclusion that the circumstance-specific approach applies.  Section 20911(7) speaks of an offense against a minor that "involves" child pornography.  That is, it addresses the specific *acts* underlying a given offense, not a specific offense at an abstract, categorical level.  Mixell's Oregon conviction involved child pornography as any ordinary speaker of English would understand that term, *see supra* footnote 4—he admitted in his guilty plea form that he possessed a photograph depicting a child engaged in a sex act.  Plainly, Mixell was convicted of an offense involving the possession of child pornography and therefore is subject to SORNA's registration requirement.

\* \* \*

The Court has denied Mixell's statutory motion to dismiss for the above reasons.  The Clerk is directed to send a certified copy of this memorandum opinion to all counsel of record.

Entered this  10th  day of May, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4]  Mixell protests that the Government "apparently believes that there are no relevant definitions" of subsection (7)(G).  (Dkt. 38 at 2).  But Congress is free to use an "ordinary term" in an "ordinary way" to capture a broad swath of conduct.  *Schofield*, 802 F.3d at 730.